IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-524-FL

PAUL TRUETT CANADY, II,                    )
Administrator for the Estate of Jimmie      )
Andrew Underwood, a/k/a James              )
Blackmon, a/k/a James Blackman, a/k/a      )
Jimmy Lee Hooker,                          )
                                           )
                        Plaintiff,         )
                                           )                    ORDER
            v.                             )
                                           )
JAMES HOLDER, in his individual            )
capacity; ANDREW MUNDAY, in his            )
individual capacity; and CITY OF           )
RALEIGH,                                   )
                                           )
                        Defendants.        )

This matter is before the court on plaintiff's motion to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), (DE 72), and defendants' motions for judgment on the pleadings (DE 59, 64). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). In considering such a motion, the court may consider the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, insufficient explanation of the need for a voluntary dismissal, as well as the present state of the litigation. See id.; Howard v. Inova Health Care Servs., 302 Fed. App'x. 166, 178-79 (4th Cir. 2008) (per curiam); Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir.1996).

Here, plaintiff has moved to dismiss defendants before the commencement of substantial discovery or the filing of a motion for summary judgment. Additionally, this action is in its beginning stages and is not on the eve of trial. Moreover, plaintiff has provided a sufficient explanation of the need for a voluntary dismissal, related to the death of former plaintiff, and the need to consult with former plaintiff's heirs to determine the proper course. Accordingly, while the court recognizes that defendants have incurred expenses in filing their respective motions to dismiss and for judgment on the pleadings, there is no excessive delay, and plaintiff has acted with diligence in requesting a dismissal at this early stage in the proceedings.

Further, if plaintiff later seeks to pursue a claim against defendants, defendants may utilize the arguments in their filed motions, without duplication of time and resources. Where "it is evident from the record that the work and resources [otherwise] expended to date during this litigation will be easily carried over" to any future litigation, the court declines to award attorneys' fees. Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987).

Based on the foregoing, plaintiff's motion is GRANTED and defendants' motions are DENIED AS MOOT. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The clerk is directed to close the case.

SO ORDERED, this the 8th day of July, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

2