IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-524-FL

| | |
|---|---|
| PAUL TRUETT CANADY, II, Administrator for the Estate of Jimmie Andrew Underwood, a/k/a James Blackmon, a/k/a James Blackman, a/k/a Jimmy Lee Hooker, <br><br> Plaintiff, <br><br> v. <br><br> JAMES HOLDER, in his individual capacity; ANDREW MUNDAY, in his individual capacity; and CITY OF RALEIGH, <br><br> Defendants. | ORDER |

This matter is before the court on plaintiff's motion to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (DE 91). The issues raised have been briefed fully and in this posture are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff commenced this action October 5, 2020, alleging individual defendants, who are former detectives of the Raleigh Police Department, deprived plaintiff of due process in connection with plaintiff's 1988 conviction for second degree murder.

On July 8, 2021, upon defendants' motions to dismiss, this court dismissed without prejudice plaintiff's § 1983 claims against defendants individual defendants, as well as plaintiff's claims for state constitutional violations. The court allowed plaintiff's remaining claims for municipal liability against defendant City of Raleigh and for negligence against all defendants to

proceed. Plaintiff thereafter moved to modify that part of the court's July 8, 2021, order dismissing plaintiff's § 1983 claims against individual defendants and, alternatively, sought leave to amend his complaint. That motion was denied February 3, 2022.

On April 5, 2022, plaintiff moved to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), citing the death of former plaintiff James Blackmon and need for additional time to consult with Blackmon's heirs regarding their desire to proceed with federal action. The court granted plaintiff's motion on July 8, 2022,[1] and judgment was entered dismissing without prejudice plaintiff's complaint. Plaintiff then appealed dismissal his § 1983 claims against individual defendants and his claims for state constitutional violations.

On June 7, 2023, the United States Court of Appeals for the Fourth Circuit in an unpublished decision dismissed plaintiff's appeal as "his voluntary dismissal of certain claims without prejudice created a non-final and non-appealable split judgment over which th[e] Court lacks jurisdiction." (DE 86). The Fourth Circuit in support cited Microsoft Corp. v. Baker, 582 U.S. 23 (2017), where plaintiffs were denied Rule 23(f) permission to appeal the District Court's refusal to grant class certification. Id. at 27. "Instead of pursuing their individual claims to final judgment on the merits, respondents stipulated to a voluntary dismissal of their claims 'with prejudice,' but reserved the right to revive their claims should the Court of Appeals reverse the District Court's certification denial." Id. The United States Supreme Court held the voluntary dismissal did "not qualify as a 'final decision' within the compass of § 1291" as such tactic "would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals, and subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders."

---

[1] On the basis of dismissal, the court also terminated as moot defendants' then pending motions for judgment on the pleadings. (DE 59, 64).

2

Case 5:20-cv-00524-FL    Document 99    Filed 09/27/23    Page 2 of 3

Id. Likewise, plaintiff here agreed to voluntary dismissal without prejudice of his remaining claims and then appealed dismissal of his § 1983 claims against individual defendants and his claims for state constitutional violations, thus engaging in "piecemeal appeal" § 1291 was designed to prevent.

**COURT'S DISCUSSION**

Where the Fourth Circuit dismissed the appeal for lack of jurisdiction over this court's judgment, that judgment, entered after plaintiff's voluntary dismissal, necessarily stands. "[A]fter an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits." In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) ("[A] dismissal without prejudice "operates to leave the parties as if no action had been brought at all."); see Jackson v. United States, 245 F. App'x 258, 259-60 (4th Cir. 2007) (holding the "district court order dismissing [the prisoner's] § 2255 motion was void because [the prisoner's] motion for dismissal under Rule 41(a)(1)(i) ended the case when the motion was filed" and thus the court "lack[ed] authority to conduct further proceedings on the merits"); Marques v. Federal Reserve Bank, 286 F.3d 1014, 1018 (7th Cir. 2002) ("[A] judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1) notice of dismissal is indeed void.").

Accordingly, this court lacks jurisdiction to grant plaintiff's motion to file an amended complaint. Plaintiff's motion to file a second amended complaint thus is DENIED. (DE 91).

SO ORDERED, this the 26th day of September, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge